20-1396-cv
*Fabrique Innovations, Inc. v. Federal Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-one.

Present:

> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*,
> JOHN L. SINATRA, JR.*
> *District Judge*.

---

FABRIQUE INNOVATIONS, INC., DBA SYKEL ENTERPRISES,

       *Plaintiff-Appellee*,

     v.                                    20-1396-cv

FEDERAL INSURANCE COMPANY,

       *Defendant-Appellant*.

---

For Plaintiff-Appellant:                    JOSHUA L. BLOSVEREN (Andrew N. Bourne, Steven M. Silverberg, *on the brief*), Hoguet Newman Regal & Kenney, LLP, New York, NY.

For Defendant-Appellee:                   PHILIP C. SILVERBERG (Hilary Henkind, *on the brief*), Mound Cotton Wollan & Greengrass LLP, New York, NY.

---

*  Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Federal Insurance Company ("Federal") appeals from a judgment of liability entered on March 30, 2020, and a judgment of damages entered on June 1, 2020, in the United States District Court for the Southern District of New York (George B. Daniels, *J.*), awarding $2,006,814.09 to Plaintiff-Appellee Fabrique Innovations, Inc. ("Fabrique") for Federal's denial of insurance coverage on Fabrique's claim. Federal issued an ocean cargo insurance policy and incorporated endorsement (the "Policy") to Fabrique for fabric and plush merchandise "temporarily in storage" at a schedule of specified locations and "any other storage location [Fabrique] own[ed], lease[d] or operate[d]" from January 1, 2016, to January 1, 2017. App'x at 54, 119-20. In September 2016, Fabrique filed an insurance claim under the Policy for the loss of approximately $1,172,731.00 in goods stored in a warehouse at one of the specified locations. Fabrique's goods were lost after Hancock Fabrics, Inc. ("Hancock"), the company that owned and operated the storage warehouse, petitioned for bankruptcy and received authorization from the bankruptcy court to liquidate its holdings—including Fabrique's merchandise—through closing sales. Federal denied Fabrique's claim, and Fabrique brought this diversity action for breach of contract. The district court granted summary judgment to Fabrique on both liability and damages. We assume the reader's familiarity with the record.

Federal challenges the district court's holding that the Policy covered Fabrique's loss and, in the alternative, contends that the damages award should be reduced to exclude the costs Fabrique incurred in seeking to recover lost profits from Hancock in the bankruptcy proceeding. For the reasons stated below, we affirm the judgment of the district court.

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. Because interpretation of an insurance agreement is a question of law, we review the district court's construction of the [Policy] *de novo.*" *U.S. Fid. & Guar. Co. v. Fendi Adele S.r.l.*, 823 F.3d 146, 149 (2d Cir. 2016) (internal quotation marks and citations omitted). "We review a district court's factual findings and damages calculation for clear error . . . ." *Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018). The parties agree that New York law governs this diversity action.

Fabrique's loss of its goods from Hancock's warehouse was covered under the Policy. First, the Policy said as much. "Under New York insurance law, the plain language of an insurance policy is construed in light of common speech and the reasonable expectations of a businessperson." *U.S. Fid. & Guar. Co.*, 823 F.3d at 150 (internal quotation marks omitted). The storage endorsement incorporated into the Policy listed Hancock's warehouse on a schedule of covered locations and specified an insurance limit of $1,250,000—the approximate value of the goods Fabrique kept in storage there. The endorsement provided that Federal would "pay for direct physical loss or damage to merchandise in transit caused by or resulting from a covered peril while such merchandise is temporarily in storage . . . in anticipation of transit." App'x at 120. The Policy elsewhere defined *merchandise in transit* as "business personal property" belonging to Fabrique that was "shipped by or consigned to others for [Fabrique's] account" in "intracompany shipments." App'x at 94.

Given the common meaning of "intracompany shipments" in everyday speech, a businessperson would reasonably expect that the endorsement covered Fabrique's goods, which remained titled to Fabrique as they were shipped to and stored at Hancock's warehouse. According to the uncontroverted deposition testimony of Fabrique's chief executive officer, Fabrique arranged for the transport of those goods from a previous storage location to warehouse space operated by

3

Hancock on the understanding that Fabrique would compensate Hancock for storing and shipping Fabrique's goods to third parties. Because this arrangement kept title to the goods with Fabrique until the point of sale, we agree with the district court that the plain language of the Policy covers the loss of Fabrique's goods from Hancock's warehouse.

Second, Fabrique's loss was not subject to an applicable policy exclusion. Under New York law, "to negate coverage by virtue of an exclusion, an insurer must establish that the exclusion . . . applies in the particular case and that its interpretation of the exclusion is the only construction that could fairly be placed thereon." *Parks Real Est. Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (internal quotation marks and alteration omitted). The Policy was "all-risk," meaning that a covered peril included any loss from "a peril not otherwise excluded." App'x at 93. The Policy included an exclusion for "loss, damage or expense caused by or resulting from willful misconduct, fraud or deceit by you . . . or . . . by other parties involved in the sale or purchase of merchandise . . . ." App'x at 81. The storage endorsement included a similar exclusion for "any dishonest or fraudulent act or acts committed . . . by any proprietor, partner, director, trustee or elected officer of any organization . . . engaged by you to provide services in connection with the storage of the merchandise." App'x at 121.

Neither exclusion applied to Hancock's sale of Fabrique's goods because that conduct did not involve willful misconduct, fraud, deceit, or a dishonest act. The New York Court of Appeals has defined "willful acts" provisions in negotiated contracts to require "conduct which is tortious in nature, i.e., wrongful conduct in which defendant willfully intends to inflict harm on plaintiff at least in part through the means of breaching the contract between the parties." *Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 438 (1994). To constitute willful misconduct, therefore, the breaching party's conduct must have "extended *well* beyond a simple breach of the contract." *Process Am., Inc. v.*

4

*Cynergy Holdings, LLC*, 839 F.3d 125, 139–40 (2d Cir. 2016) (quoting *Banc of Am. Sec. LLC v. Solow Bldg. Co. II*, 847 N.Y.S.2d 49, 55–56 (App. Div. 2007) (alterations omitted)). Here, Hancock's liquidation of its holdings in breach of its third-party logistics agreement with Fabrique was not "truly culpable, harmful conduct," but "merely intentional nonperformance . . . motivated by financial self-interest." *Metro. Life Ins. Co.*, 84 N.Y.2d at 438. On advice of counsel, Hancock candidly informed Fabrique it would not return the goods, then sought and received authorization from the bankruptcy court for conducting closing sales. We are hard pressed to find tortious misconduct or dishonesty where a party openly sought and obtained leave from a court before engaging in the conduct at issue, and where the opposing party had an opportunity to object. In light of this and the parties' representations to the district court that there was no genuine issue of material fact concerning the underlying dispute between Fabrique and Hancock, summary judgment in favor of Fabrique was appropriate.

Finally, we reject Federal's argument that the damages award for Fabrique's costs of litigating in bankruptcy court should be reduced *pro rata* for Fabrique's recovery of lost profits. The Policy included Sue and Labor coverage for "charges reasonably incurred" pursuant to Fabrique's fulfillment of its duty under the Policy to take "all reasonable measures to avert or minimize loss or damage to which [the Policy] applies and to ensure that all rights against third parties are preserved and exercised." App'x at 70, 129. "Sue and labor expenses are those reasonable costs borne by the assured to mitigate the loss and thus reduce the amount to be paid by the underwriter." *Armada Supply Inc. v. Wright*, 858 F.2d 842, 853 (2d Cir. 1988). Fabrique's litigation efforts against Hancock were a direct result of its loss of goods and the efforts "saved [Federal] money" on its storage coverage obligations such that Federal "should bear the costs of those savings." *Id.* at 855.

\*　　　\*　　　\*

We have considered Federal's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk